NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FARMLAND DAIRIES, LLC ) | |
| Plaintiff, ) | Civil Action No. 05-5544 (GEB) |
| v. ) | |
| PASSAIC VALLEY SEWERAGE ) COMMISSIONERS, ) | **MEMORANDUM OPINION** |
| Defendant. ) | |

**BROWN, Chief Judge**

  This matter comes before the Court upon the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) of Defendant Passaic Valley Sewerage Commissioners ("PVSC" or "Defendant"), and Plaintiff Farmland Dairies LLC's ("Farmland Dairies" or "Plaintiff") Cross-Motion to Amend its Complaint. The Court has reviewed the parties' submissions and has decided these motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the following reasons, this Court will grant Defendant's Motion to Dismiss, and will deny Plaintiff's Cross-Motion to Amend.

**BACKGROUND**

  Defendant PVSC is a commission created by statute of the State of New Jersey, which Plaintiff concedes is "a 'body politic and corporate' of the State of New Jersey" and an instrumentality of the state." Pl. Opp'n at 2. It is responsible for the processing of waste water in the Passaic Valley. (Pl. Opp'n at 1; Def. Br. at 3.) Plaintiff is a New Jersey limited liability

corporation which produces dairy products for consumer use. (Def. Br. at 3-4; Pl. Opp'n at 3.) As part of its industrial activities, Farmland Dairies generates industrial and sanitary waste which is processed by Defendant pursuant to Defendant's Sewer Use Permit No. 334038300 (the "Permit"). (Pl. Opp'n at 3; Def. Br. at 4.) PVSC then charges Farmland Dairies for sewer usage. (Def. Br. at 4; Pl. Opp'n at 3.) The sewer user charge is calculated as a factor of both the total volume of waste water discharged by the user, and the nature of the discharged wastewater. (Def. Br. at 4; Pl. Opp'n at 3.)

Plaintiff claims to have been overcharged by PVSC for the year 2001 by $1.4 million. (Compl. ¶ 19.) On November 22, 2005, Plaintiff filed a Complaint in this Court, requesting, *inter alia*, compensation for the alleged overcharge. On March 1, 2006, Defendant filed a Motion to Dismiss Plaintiff's Complaint with Prejudice Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Def. Br.) On April 10, 2006, Plaintiff filed its Opposition to Defendant's Motion to Dismiss and filed a Cross-Motion for Leave to Amend the Complaint. (Pl. Opp'n) Plaintiff's Cross-Motion included a copy of its Proposed Amended Complaint (the "Proposed Amended Complaint").

**DISCUSSION**

        **A.    Standard**

              **1.    Defendant's Motion to Dismiss**

Federal Rule of Civil Procedure 12(b) provides, in part, that:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the

> subject matter . . . (6) failure to state a claim upon which relief can be granted . . . .

FED. R. CIV. P. 12(b). "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be 'facial' or 'factual.' Facial attacks, [such as the one at issue here], contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true." *Talliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (citations omitted), *quoting Turicentro v. Am. Airlines*, 303 F.3d 293, 300 (3d Cir. 2002).

Similarly, in ruling on a motion for dismissal under Rule 12(b)(6), the Court is "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). In fact, "[a] Rule 12(b)(6) motion should be granted [only] if it appears to a certainty that no relief could be granted under any set of facts which could be proved. " *Id.* at 351, *quoting D.P. Enters., Inc. v. Bucks County Cmty. Coll.*, 725 F.2d 943, 944 (3d Cir. 1994) (quotations omitted).

### 2. Plaintiff's Motion to Amend

Federal Rule of Civil Procedure 15(a) provides that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

FED. R. CIV. P. 15(a). "Although the Rule states that leave to amend should be freely given, a district court has discretion to deny a request to amend if it is apparent from the record that . . .

the amendment would be futile . . . ." *Rhymer v. Philip Morris, Inc.*, 164 Fed. App'x 268, 268-69 (3d Cir. 2006) (quotations omitted).

      A.      Application

Defendant contends that Plaintiff's claims under both the Initial Complaint and the Proposed Amended Complaint are barred under the Eleventh Amendment of the United States Constitution. This Court agrees.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The Amendment's "reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997), *citing Poindexter v. Greenhow*, 114 U.S. 270, 287 (1885). In essence, "[t]he Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent [the states'] consent." *Frew v. Hawkins*, 540 U.S. 431, 437 (2004), *citing Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996).

The Supreme Court has however established an exception to the rule. In *Ex parte Young*, the Court declared that the Eleventh Amendment did not preclude a plaintiff from seeking *prospective injunctive relief* against *state officials* to enjoin the enforcement of state statutes claimed to be unconstitutional. *See Ex parte Young*, 209 U.S. 123, 155-56 (1908) ("[I]ndividuals, who, as officers of the State . . . threaten . . . to enforce against parties affected an unconstitutional act . . . may be enjoined by a Federal court of equity from such action.").

4

This Court has noted that:

> [t]his exception to the Eleventh Amendment is a very narrow one, permitting plaintiffs to seek prospective relief, and only when a state official and not the State or a state Agency is the named defendant. [It] has no application where the lawsuit, although naming a state official, is more correctly construed as a suit against the State, which is completely barred by the Eleventh Amendment, regardless of the relief sought.

Proposed Def. Reply Br. at 22; *quoting Doe v. Division of Youth and Family Services*, 148 F. Supp. 2d 462, 483 (D.N.J. 2001).

The Supreme Court has emphasized that the above-cited exception does not extend to cases in which monetary relief is couched in terms of prospective injunctive relief. *See Papasan v. Allain*, 478 U.S. 265, 278 (1986) ("Relief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred even when the state official is the named defendant. This is true if the relief is expressly denominated as damages. It is also true if the relief is tantamount to an award of damages for a past violation of federal law, even though styled as something else."); *see also Edelman v. Jordan*, 415 U.S. 651, 674-75 (1974) ("We do not read *Ex parte Young* or subsequent holdings of this Court to indicate that any form of relief may be awarded against a state officer, no matter how closely it may in practice resemble a money judgment payable out of the state treasury, so long as the relief may be labeled "equitable" in nature.").

In the case at bar, Plaintiff's Complaint set forth three Counts against Defendants, for (i) alleged violations of Plaintiff's rights under the United States Constitution, (ii) alleged violations of Plaintiff's rights under the New Jersey Constitution, and (iii) unjust enrichment. *See* Compl.

In addition, the Complaint establishes Plaintiff's request for an injunction directing "PVSC to refund to Farmland an amount equal to the reduction in User Charge lost to Farmland due to PVSC's lagged calculation method," and Plaintiff's request for compensatory, consequential and punitive damages. Compl. at 6.

Plaintiff's Proposed Amended Complaint includes the same three counts as its initial Complaint, but adds the Commissioners of the PVSC and the Executive Director of the PVSC as individual Defendants. Plaintiff also modifies its Complaint to request a judgment against Defendant:

> A. Declaring PVSC's method of determining its User Charge unconstitutional;
>
> B. Declaring PVSC's method of calculating User Charge void, invalid, and of no effect;
>
> C. Enjoining Defendants to calculate the User Charge in accordance with the actual discharges by Farmland;
>
> D. Enjoining Defendants from continuing to bill Farmland until Farmland's prepaid credit is exhausted; and
>
> E. Awarding interest, costs, attorney's fees and such other and further relief as the Court deems equitable, just and proper.

Prop. Am. Compl. at 7-8.

Defendant argues that the requests for relief set out in Plaintiff's initial Complaint are barred under the Eleventh Amendment of the United States Constitution, as they amount to nothing more than impermissible claims for monetary compensation by a resident of the State against a State agency. Def. Br. at 13-14. In addition, Defendant contends that neither adding the individual Commissioners as Defendants nor modifying the phrasing of Plaintiff's claim for relief in the Proposed Amended Complaint would remedy this defect. Indeed, Defendant claims

that the Plaintiff's request for relief, even as amended, boils down to a request for compensatory damages. Def. Reply at 3-4. A request for such relief against a State agency, it argues, is barred under the Eleventh Amendment even if State officials are added to the suit as individual Defendants. Def. Reply at 4. Plaintiff responds by insisting that its Proposed Amended Complaint seeks only prospective injunctive relief, and is thus permissible under the Eleventh Amendment. Pl. Opp'n at 10-15.

This Court, however, finds that Plaintiff's claims in the initial Complaint and the Proposed Amended Complaint do not pass muster under the Eleventh Amendment. First, there can be no real dispute that the requests for relief set out in Plaintiff's initial Complaint seek monetary damages. *See* Compl. at 6. Those requests are therefore invalid under *Ex parte Young*.

Second, this defect is not remedied by the introduction of Plaintiff's proposed Amended Complaint. Indeed, the Court finds that requests C. and D. of Plaintiff's Proposed Amended Complaint amount to nothing more than a request for monetary damages poorly disguised as a request for prospective injunctive relief. *See* Prop. Am. Compl. at 7 ("C. Enjoining Defendants to calculate the User Charge in accordance with the actual discharges by Farmland; D. Enjoining Defendants from continuing to bill Farmland until Farmland's prepaid credit is exhausted."). Plaintiff relies heavily on *Ex parte Young* and *Milliken v. Bradley* in support of its argument that its requests for relief are proper. Those cases are inapposite.

*Ex parte Young* and *Milliken* established that prospective injunctive relief could properly be sought against state officials, *see Ex parte Young*, 209 U.S. at 159, even when such relief

would have an *incidental* monetary impact on the State. *See Milliken v. Bradley*, 433 U.S. 267, 289 (1977) (*Ex parte Young* "permits federal courts to enjoin state officials to conform their conduct to requirements of federal law, notwithstanding a direct and substantial impact on the state treasury."). Unlike plaintiffs in *Ex parte Young* and *Milliken v. Bradley*, Plaintiff here *primarily* seeks monetary compensation for past acts, compensation that it intends to receive by enjoining Defendants from fully billing Farmland Dairies for future sewerage use. Plaintiff's proposed requests are therefore barred by the Eleventh Amendment under *Papasan* and *Edelman*.

Even accepting all the allegations in the Complaint and the Proposed Amended Complaint as true, this Court holds that the Eleventh Amendment precludes it from asserting subject matter jurisdiction over Plaintiff's requests for alleged "prospective injunctive relief." *See Quern v. Jordan*, 440 U.S. 332, 338 (1979), *quoting Edelman*, 415 U.S. at 677 ("[A] federal court's remedial power [in a suit against a state official], consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief, and may not include a retroactive award which requires the payment of funds from the state treasury.").[1] The Court will

---

[1] It necessarily follows that this Court has no subject matter jurisdiction over Plaintiff's other claims for relief either. Indeed, Plaintiff alleges that it only suffered damages as a result of the past application of Defendant's User Charge determination. There is no suggestion that the method of calculation as presently applied to Plaintiff or as applied to Plaintiff in the future would be improper.

Since this Court has established above that it has no jurisdiction over the requests for damages Plaintiff allegedly suffered as a result of the past application of Defendant's User Charge calculation, any judgment on the part of this Court on the constitutionality and/or validity of the method of calculation would amount to nothing more than an impermissible advisory opinion under Article III of the United States Constitution. *See Travelers Ins. Co. v. Obusek*, 72 F.3d 1148, 1154 (3d Cir. 1995) ("[T]o satisfy Article III's case or controversy requirement, an action must present (1) a legal controversy that is real and not hypothetical, (2) a

therefore grant Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1).[2]

**CONCLUSION**

For the foregoing reasons, this Court will grant Defendants' Motion to Dismiss Counts I, II and III of Plaintiff's Complaint. The Eleventh Amendment bars all of the claims set out by Plaintiff in its initial Complaint and its Proposed Amended Complaint. Plaintiff's Motion for Leave to Amend its Complaint is therefore denied as futile. *Johnson v. New Jersey*, 1885 U.S. Dist. LEXIS 1466, at *6-7 (D.N.J. Jan. 31, 1995) ("The Court may deny leave to amend, among other reasons, on the basis of the futility of the amendment. An amendment is futile if the amended complaint cannot withstand a motion to dismiss."). An appropriate form of Order accompanies this Opinion.

Dated December 29, 2006

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.

---

legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for reasoned adjudication, and (3) a legal controversy so as to sharpen the issues for judicial resolution."), *quoting Armstrong World Indus., Inc. v. Adams*, 961 F.2d 405, 411 (3d Cir. 1992).

The Court therefore will not address requests for relief A. and B. of Plaintiff's Proposed Amended Complaint, even though those requests for relief may not be precluded under the Eleventh Amendment. *See* Prop. Am. Compl. ("A. Declaring PSVC's method of determining is User Charge unconstitutional; B. Declaring PSVC's method of calculating User Charge void, invalid and of no effect.").

[2] In light of this Court's ruling on the Eleventh Amendment issue raised by Defendant, it need not address the other arguments set out in PVSC's Motion to Dismiss.