NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

|  |  |  |
|---|---|---|
| FARMLAND DAIRIES, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 05-5544 (GEB) |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| PASSAIC VALLEY SEWERAGE | ) | |
| COMMISSIONERS,  et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

### BROWN, Chief Judge

This matter comes before the Court upon the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) of Thomas J. Powell, Carl S. Czaplicki, Jr., Frank Calandriello, William Flynn, Alan C. Levine, Anthony J. Luna, Angelina Paserchia, Kenneth Penigitore and Bryan Christiansen (collectively, the "Individual Defendants"), and the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) of the Passaic Valley Sewerage Commissioners ("PVSC").  The Court has reviewed the parties' submissions and has decided these motions without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the following reasons, this Court will grant both motions to dismiss.

### BACKGROUND

Since the parties are familiar with the facts of this case, the Court will not repeat them except as necessary to resolve these pending motions.  As part of its industrial activities, Farmland Dairies, LLC ("Plaintiff" or "Farmland Dairies") generates industrial and sanitary

waste which is processed by PVSC.  PVSC then charges Farmland Dairies for sewer usage. The

Individual Defendants are PVSC officers. The Court will refer to PVSC and the Individual

Defendants collectively as "Defendants."

Plaintiff claims to have been overcharged by PVSC for the year 2001 by $1.4 million.

(Am. Compl. ¶¶ 25, 28.)   On November 22, 2005, Plaintiff filed a Complaint in this Court,

requesting, *inter alia*, compensation for the alleged overcharge.  On March 1, 2006, PVSC filed a

Motion to Dismiss Plaintiff's Complaint with Prejudice Pursuant to Fed. R. Civ. P. 12(b)(1) and

12(b)(6).  (Def. Br.)  On April 10, 2006, Plaintiff filed its Opposition to PVSC's Motion to

Dismiss and filed a Cross-Motion for Leave to Amend the Complaint. Plaintiff's Cross-Motion

included a copy of its Proposed Amended Complaint, which joined Defendants as proposed

additional defendants. On December 29, 2006, the Court granted PVSC's motion to dismiss and

denied Plaintiff's Cross-Motion. On March 13, 2007, the Court granted Farmland Dairies leave

to file an amended complaint, which it did on March 16, 2007 (the "Amended Complaint").  On

April 19, 2007, PVSC moved to dismiss the Amended Complaint under Federal Rules of Civil

Procedure 12(b)(1) and 12(b)(6).  On May 14, 2007, the Individual Defendants moved to dismiss

the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

**DISCUSSION**

### A.    STANDARD

Federal Rule of Civil Procedure 12(b) provides, in part, that:

> Every defense, in law or fact, to a claim for relief in any pleading,
> whether a claim, counterclaim, cross-claim, or third-party claim,
> shall be asserted in the responsive pleading thereto if one is
> required, except that the following defenses may at the option of
> the pleader be made by motion: (1) lack of jurisdiction over the

> subject matter . . . (6) failure to state a claim upon which relief can
> be granted . . . .

FED. R. CIV. P. 12(b). "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be 'facial' or 'factual.' Facial attacks, [such as the one at issue here], contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true." *Talliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (citations omitted), *quoting Turicentro v. Am. Airlines*, 303 F.3d 293, 300 (3d Cir. 2002).

Similarly, in ruling on a motion for dismissal under Rule 12(b)(6), the Court is "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). In fact, "[a] Rule 12(b)(6) motion should be granted [only] if it appears to a certainty that no relief could be granted under any set of facts which could be proved. " *Id.* at 351, *quoting D.P. Enters., Inc. v. Bucks County Cmty. Coll.*, 725 F.2d 943, 944 (3d Cir. 1994) (quotations omitted).

## B.    APPLICATION

In the case at bar, Plaintiff's Amended Complaint alleges that PVSC's billing system leads to violations of Plaintiff's due process rights under the United States Constitution and the New Jersey Constitution.  Am. Compl. at 8-9.  Plaintiff seeks the same relief for both alleged violations:

> A.     Declaring Defendants' method of determining its User Charge unconstitutional;
> B.     Declaring defendants' method of calculating its User Charge void, invalid and of no effect; and
> C.     Enjoining Defendants from calculating and implementing the PVSC Charge as currently provided in PVSC's Rules and Regulations.

    D.  Enjoining Defendants to provide a means to obtain a refund of future overcharges as identified herein.

Am. Compl. at 8-10.

   The Individual Defendants contend that "Plaintiff's demand for prospective injunctive relief presents no present case or controversy for the exercise of jurisdiction." Ind. Def. Br. at 13. Indeed, they argue that Plaintiff's submissions to the Court "establish[], beyond question, that Farmland incurring any alleged injury as a result of PVSC's User Charge system, is wholly contingent upon its installing equipment, or the occurrence of some other event, that improves future discharges." *Id.* at 29. They conclude that, "[c]onsequently, any demand for prospective injunctive relief as to the constitutionality of the User Charge calculation is based not on a concrete set of facts, but on a purely theoretical set of facts which might never come to being." *Id.* "In the absence of a current or imminent reduction, therefore, no case or controversy exists to be decided by the Court." *Id.* at 31. PVSC concurs with these arguments. PVSC Br. at 21-22.

   Plaintiff, however, responds that there is a live case or controversy, as "[a]ny time Farmland under takes [sic] some sort of action which permanently reduces the volume or load of its discharge it will suffer the same injury." Pl. Opp'n at 18-19. It adds that "[t]his can happen in a variety of ways, including through the implementation of new technology . . . the employment of new processes, or even as a result of a simple plant closure." *Id*. Moreover, Plaintiff contends that this case fits under the "capable of repetition yet evading review" exception to the mootness doctrine, and insists that "[t]he injury evades review because once faced with an overcharge, Farmland must pay the invoice to continue discharging into the PVSC system . . . [T]he injury [then] immediately becomes a damage claim not compensable in federal court pursuant to the

Eleventh Amendment.  Thus, no federal court [has] jurisdiction of this . . .  issue." *Id.* at 19.

As this Court explained in its December 29, 2006 Opinion, the Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. amend. XI. "The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent [the states'] consent."  *Frew v. Hawkins*, 540 U.S. 431, 437 (2004), *citing Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996).

In *Ex parte Young*, however, the Court declared that the Eleventh Amendment did not preclude a plaintiff from seeking *prospective injunctive relief* against *state officials* to enjoin the enforcement of state statutes claimed to be unconstitutional.  *See Ex parte Young*, 209 U.S. 123, 155-56 (1908).  As noted by this Court, the *Ex parte Young*

> exception to the Eleventh Amendment is a very narrow one, permitting plaintiffs to seek prospective relief, and only when a state official and not the State or a state Agency is the named defendant. [It] has no application where the lawsuit, although naming a state official, is more correctly construed as a suit against the State, which is completely barred by the Eleventh Amendment, regardless of the relief sought.

*Doe v. Division of Youth and Family Services*, 148 F. Supp. 2d 462, 483 (D.N.J. 2001).

In the case at bar, Plaintiff is precluded from maintaining its claim against PVSC, since it is a state agency and has not consented to this suit.  *Frew*, 540 U.S. at 437 ("The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent.").  PVSC is so shielded even if the claims set out in Plaintiff's Amended Complaint are read to only seek prospective injunctive relief.

The claims against the individual commissioners, on the other hand, may conceivably be valid under *Ex parte Young*. The question that arises, however, is whether the action presents a live case or controversy. Indeed, "to satisfy Article III's case or controversy requirement, an action must present (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for reasoned adjudication, and (3) a legal controversy so as to sharpen the issues for judicial resolution." *Travelers Ins. Co. v. Obusek*, 72 F.3d 1148, 1154 (3d Cir. 1995), *quoting Armstrong World Indus., Inc. v. Adams*, 961 F.2d 405, 411 (3d Cir. 1992).

In the absence of a case or controversy, an issue must be deemed moot, and any opinion by the Court on said issue would amount to an impermissible advisory opinion. *See New Jersey Dep't of Envtl. Protection & Energy v. Heldor Indus.*, 989 F.2d 702, 707 (3d Cir. 1993). A legal issue becomes moot in two instances: first, when "the alleged violation has ceased, and there is no reasonable expectation that it will recur, and [second, where] interim relief or other events completely and irrevocably eradicated the effects of the alleged violation. *New Jersey Turnpike Auth. v. Jersey Cent. Power and Light*, 772 F.2d 25, 31 (3d Cir. 1985), *quoting County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979). Courts have, however, refused to deem an action moot in the limited circumstances when the dispute at issue is "capable of repetition, yet evading review." *Porta v. Klagholz*, 19 F. Supp. 2d 290, 296 (D.N.J. 1998), *citing United States v. Antar*, 38 F.3d 1348, 1356 (3d Cir. 1994). The "capable of repetition, yet evading review" doctrine is limited to the situation where: "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." *Illinois Elections Bd. v.*

6

*Socialist Workers Party*, 440 U.S. 173, 187 (1979), *quoting Weinstein v. Bradford*, 423 U.S. 147, 149 (1975).

Even assuming that the Amended Complaint puts forth only prospective injunctive relief against the Individual Defendants, the Court holds that the issue presented in Plaintiff's Amended Complaint is moot. Since the alleged economic injury incurred by Plaintiff has occurred in the past (when it reduced its wastewater volume and yet was billed at a full rate for that year) any damage to be incurred by Plaintiff in the future remains entirely hypothetical. Indeed, the Court is not satisfied that Plaintiff's vague assurances that it will "employ new technology, close a plant, or make . . . change[s] which would result in a reduction in load or volume" (and thus, another overpayment for wastewater services) satisfy the "real case or controversy" requirement. *See* Pl. Opp'n at 13.[1]

Nor is the Court convinced that this case fits under the narrow exception to the mootness doctrine corresponding to injuries escaping review yet capable of repetition. Plaintiff has failed to

---

[1]     *See also* Pl. Opp'n at 15 ("[I]t is certainly a real probability that Farmland (or another user) will make some sort of change that will reduce its volume and/or load."); *id.* at 18-19 ("Any time Farmland under takes [sic] some sort of action which permanently reduces the volume or load of its discharge it will suffer the same injury. This can happen in a variety of ways, including through the implementation of new technology . . . the employment of new processes, or even as a result of a simple plant closure."); Amended Complaint ¶ 29 ("In fact, each and every time Farmland makes any technological or operational change resulting in a permanent decrease in the Volume or Load of discharged wastewater, Farmland will be harmed by Defendants' User Charge calculation because such overcharge is inherent in the User Charge formula and in PVSC's Rules and Regulations."); *id.* at ¶ 35 ("Each and every time Farmland systematically reduces the Volume or Load of its wastewater, Farmland will be injured by an improperly inflated User Charge."); *id.* at ¶ 38 ("Farmland cannot implement any business decision which results in a systematic reduction in Volume or Load without suffering this injury.").

7

establish that there exists "a reasonable expectation that the same complaining party would be subjected to the same action again." *Illinois Elections Bd.*, 440 U.S. at 187. Indeed, "'[c]apable of repetition' is not a synonym for 'mere speculation;' it is a substantive term on which the moving party must provide a reasonable quantity of proof – perhaps even by the preponderance of the evidence." *New Jersey Turnpike Auth*, 772 F.2d at 33.  The Court's conclusion is buttressed by the fact that Plaintiff's has apparently continued to use PVSC's services since the events at issue here without incident.  Even viewing all allegations in the Complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff's suit is moot, and must therefore be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

This decision does not, however, leave Plaintiff without legal recourse.  It remains entitled to file a suit for prospective injunctive relief to avoid overpayment to PVSC when it has concrete plans for changes in its operation likely to lead to reductions in waste-water discharges during the following billing cycle, and to seek a temporary restraining order at that time.  Under such a factual scenario, this Court's concerns about issuing advisory opinions would likely be alleviated.

**CONCLUSION**

For the foregoing reasons, this Court will grant Defendants' motions to dismiss Plaintiff's Amended Complaint, and will dismiss Plaintiff's Amended Complaint without prejudice.  An appropriate form of Order accompanies this Opinion.

Dated: June 11, 2007

      s/ Garrett E. Brown, Jr.
      GARRETT E. BROWN, JR., U.S.D.J.